IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY CARL HINKLEY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-1164 |
| | : | |
| LEHIGH COUNTY CLERK OF | : | |
| COURTS, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                     **March 28, 2012**

      Pro se Plaintiff Randy Carl Hinkley, a prisoner in state custody, brings claims pursuant to 42 U.S.C. § 1983 against the Lehigh County Clerk of Courts, Clerk of Judicial Records Andrea Naugle, Deputy Clerk of Judicial Records Toni Remer, the Lehigh County Probation Department,[1] and Probation Officers Pamela Sheffer and Denise Frederick. Hinkley asserts all Defendants violated his Fifth, Eighth, and/or Fourteenth Amendment rights by causing his continued incarceration, allegedly beyond the expiration of his sentences in three Lehigh County criminal cases, and seeks damages for his wrongful incarceration and declaratory relief. He also alleges Sheffer and Frederick violated his Fourteenth Amendment rights by causing him to be prosecuted and sentenced for probation and parole violations after his underlying sentences had expired, and Naugle and Remer violated his First Amendment rights by refusing to file his January 22, 2011, Petition for Writ of Habeas Corpus and Request for Bail in state court. Defendants ask this Court to dismiss Hinkley's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Hinkley's claims are not cognizable under § 1983 insofar as they challenge Defendants' alleged errors in computing his sentence, and are otherwise time-barred. For the reasons set forth below, the motion will be granted.

---

[1] According to Defendants, the correct name of this entity is the Lehigh County Adult Probation Department.

**FACTS**[2]

In April 1992, Hinkley pleaded guilty to misdemeanor charges of criminal mischief and defiant trespass in Case No. 2967/1990 in Lehigh County and was sentenced to a one-year term of probation. Later the same year, Hinkley was arrested in Case No. 1689/1992, also in Lehigh County, and, as a result of the arrest, a probation violation was lodged in Case No. 2967/1990. In January 1993, Hinkley pleaded guilty to misdemeanor charges of recklessly endangering another person and simple assault in Case No. 1689/1992 and was sentenced to a term of imprisonment of time served (approximately seven months) to two years less one day, to run concurrently with the sentence imposed in Case No. 2967/1990. Also in January 1993, Hinkley's probation was revoked in Case No. 2967/1990, and he was sentenced to new 23-month term of probation.[3] Hinkley was thereafter

---

[2] The following summary is based primarily on the allegations in Hinkley's Amended Complaint, which this Court must accept as true for purposes of evaluating Defendants' motion to dismiss, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and the exhibits to the Amended Complaint, which may also be considered at the motion to dismiss stage, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because Hinkley's claims implicate the procedural history of his underlying criminal cases, and because the description of the procedural history in the Amended Complaint is incomplete in some respects, this Court has also consulted the dockets in Hinkley's criminal cases, matters of public record which may be considered on a motion to dismiss, and which Hinkley himself references in the Amended Complaint. *See id.* at 1197 (holding matters of public record a court may consider on a motion to dismiss "include criminal case dispositions such as convictions or mistrials"); *Morozin v. Johnson*, No. 11-2653, 2011 WL 5837146, at *1-2 & n.2 (E.D. Pa. Nov. 18, 2011) (considering document reflecting fact of defendant's guilty plea on a motion to dismiss); *Simpson v. City of Coatesville*, No. 10-0100, 2010 WL 3155307, at *5 & n.3 (E.D. Pa. July 28, 2010) (considering the docket in plaintiff's state court criminal case in evaluating a motion to dismiss plaintiff's § 1983 claims); *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. 09-5715, 2010 WL 1930579, at *2 n.7 (D.N.J. May 12, 2010) (observing docket entries in a publicly filed civil action are matters of public record that a court may consider in evaluating a motion to dismiss); *see also, e.g.*, Am. Compl. Part I ¶ 8 (citing to the docket in Case No. 1689/1992). Citations to Hinkley's criminal case dockets appear in the form "[Case No.] Docket at __."

[3] Hinkley alleges the court sentenced him to time served in Case No. 2967/1990, but "pronounced '23 months probation,'" Am. Compl. Part I ¶ 9, citing to an excerpt from the notes of testimony for the January 14, 1993, revocation hearing in Case No. 2967/1990 in which the court confirmed

granted immediate parole in Case No. 1689/1992.

While the charges in Case No. 1689/1992 were pending, Hinkley also pleaded guilty to a felony burglary charge in Northampton County in 1992 (Case No. 1228/1992), for which he was given an incarceration sentence of 23 months to five years. Hinkley contends his release from custody in Lehigh County on January 15, 1993, was erroneous because he was also serving his sentence in the Northampton County case at the time of his release.

The status of Hinkley's criminal cases during the decade following his January 1993 release is not entirely clear. Petitions for probation and/or parole violations appear to have been filed in Case Nos. 2967/1990 and 1689/1992 in August 1993. *See* Am. Compl. Part II ¶ 8 (alleging parole violation warrant was issued on August 27, 1993); 2967/1990 Docket at 6; 1689/1992 Docket at 8. However, Hinkley does not appear to have been arrested until 1995, when he was taken into custody for a week in April 1995 and for a single day in June 1995. *See* Am. Compl. Part I ¶ 10 (alleging Hinkley was detained on a disorderly conduct complaint in 1995); Am. Compl. Exs. 4 & 10 (ECF Nos. 15 at 4 & 14 at 2) (indicating Hinkley was awarded "commitment credit" on Case No. 2967/1990 for April 19-25, 1995, and June 6, 1995).[4]

After his release in June 1995, Hinkley was again arrested in 2003, and probation and parole

---

Hinkley was conceding the probation violation, and then asked, "[a]nd you're ready then for sentencing. Is that correct? Time served?" Am. Compl. Ex. 2 (ECF No. 15 at 2). According to the docket in Case No. 2967/1990, however, after revoking Hinkley's probation, the court placed him on probation for a period of 23 months. 2967/1990 Docket at 6.

[4] Hinkley filed his Amended Complaint in two parts, which are docketed at ECF Nos. 16 and 17. Part I of the Amended Complaint is also styled as a "Motion for Summary Judgment." The exhibits to the Amended Complaint, which were received and docketed before the Amended Complaint, appear at ECF Nos. 14 and 15. The exhibits to the Amended Complaint also include Hinkley's January 22, 2011, state Petition for Writ of Habeas Corpus and Request for Bail, which is appended to Part II of his Amended Complaint and docketed at ECF No. 17.

revocation proceedings were thereafter initiated in Case Nos. 2967/1990 and 1689/1992, respectively. In November 2003, Hinkley's probation in Case No. 2967/1990 was revoked. Although he was sentenced to a new 23-month term of probation, he nevertheless remained in custody pending the disposition of Case No. 1689/1992. In December 2003, Hinkley's parole was revoked in Case No. 1689/1992, and he was ordered to serve the balance of his original sentence in that case and granted immediate work release.

In February 2004, Hinkley left work release and was thereafter charged with escape in Case No. 1209/2004 in Lehigh County. While the escape charge was pending, Hinkley was returned to the Lehigh County Prison where he continued to serve the balance of his sentence in Case No. 1689/1992, which appears to have expired on May 18, 2005. In January 2005, Hinkley pleaded guilty to the escape charge, and in March 2005, he was sentenced to two and a half to six years of imprisonment, to run consecutively to all other sentences. In May 2005, Hinkley's probation in Case No. 2967/1990 was revoked, and he was resentenced to one to two years of imprisonment, to run consecutively to the sentence imposed in Case No. 1209/2004, with credit to be given for all time spent in custody as a result of the criminal charges for which sentence was being imposed. Although Hinkley appears to have completed his sentences in Case Nos. 2967/1990 and 1689/1992, he is still serving his sentence in Case No. 1209/2004. Hinkley's sentence in the Northampton County case (No. 1228/1992) was terminated by order of May 6, 2005.[5] See Pet. for Writ of Habeas Corpus Ex. 1 (ECF No. 17-1 at 3).

---

[5] The order terminating Hinkley's sentence in Case No. 1228/1992 does not indicate the reasons for the termination. Hinkley contends Northampton County "followed the law" by granting him credit toward his sentence in 1228/1992 for time he erroneously spent at liberty following his release from custody in Lehigh County on January 15, 1993. See Am. Compl. Part II ¶¶ 9-10.

In his Amended Complaint, Hinkley primarily challenges Defendants' failure to properly credit time he spent in custody and time he alleges he erroneously spent at liberty toward his sentences in Case Nos. 2967/1990 and 1689/1992, resulting in his continued incarceration beyond the expiration of his sentences in all three of his Lehigh County cases.  Specifically, Hinkley alleges the Clerk of Courts, Naugle, and Remer have violated his Fifth, Eighth, and Fourteenth Amendment rights by failing to credit the approximately 17 months he spent in custody between November 18, 2003 (when he was sentenced to 23 months of probation in Case No. 2967/1990), and May 18, 2005 (when he completed his sentence in Case No. 1689/1992), toward his sentence in Case No. 2967/1990.[6]  He also alleges Frederick and Sheffer violated his Fourteenth Amendment substantive due process rights by failing to credit time he spent at liberty following what he contends was his erroneous release from custody on January 15, 1993, toward his sentences in 2967/1990 and 1689/1992.

In addition to these denial of time credit claims, Hinkley also alleges Frederick and Sheffer violated his substantive due process rights by bringing an allegedly void arrest warrant to a November 2003 revocation hearing, by failing to correct this error when it was brought to their attention, and by altering his criminal history in his presentence investigation report to remove any reference to his Northampton County case.  Finally, Hinkley alleges Naugle and Remer violated his First Amendment rights by refusing to file his January 22, 2011, Petition for Writ of Habeas Corpus and Request for Bail in state court.  Hinkley seeks damages for his allegedly unlawful incarceration

---

[6] The time Hinkley spent in custody during this period was credited toward his parole revocation sentence in Case No. 1689/1992.  Hinkley contends it should also have been credited toward his sentence in Case No. 2967/1990 because his original sentence in 1689/1992 was to run concurrently with his probationary sentence in 2967/1990.

5

from May 8, 2011, to the present, as well as declaratory relief.

Both prior to and since filing the instant § 1983 action, Hinkley has pursued his denial of time credit claims at the state level administratively and through appeals and other post-conviction filings in his Lehigh County criminal cases. *See, e.g.*, Am. Compl. Exs. 9-11, 13, 15-27 (ECF No. 14 at 1-3, 5, 7-19). Hinkley's state court efforts to invalidate his sentence (or some portion thereof) have been unsuccessful to date. Hinkley has also raised his denial of time credit claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is currently pending before this Court.[7]

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a district court first must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1950).

Defendants argue insofar as Hinkley's claims are based on Defendants' failure to give him

---

[7] Hinkley's federal habeas petition was referred to a United States Magistrate Judge, who has issued a Report and Recommendation recommending the petition be dismissed. Hinkley's December 2011 objections to the Report and Recommendation are currently under consideration by this Court.

appropriate time credit toward one or more of his Lehigh County sentences, the claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Hinkley has not yet succeeded in invalidating the underlying sentences (or any portion thereof). This Court agrees. In *Heck*, the Supreme Court held a prisoner may not bring a § 1983 claim for damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he can prove "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" but "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Although Hinkley maintains he "does not seek speedier release from prison" via his § 1983 action, Am. Compl. Part I ¶ 4, a judgment in his favor on his denial of time credit claims would nevertheless imply the invalidity of his continued confinement on his Lehigh County sentences. Indeed, the nature of the relief Hinkley seeks—damages for "unjust incarceration"—underscores the fact that these claims challenge the duration of his confinement. *See* Am. Compl. Part I, at 8; *see also* Pl.'s Pet. for Leave to Amend (requesting damages of $1,000 "for each day the Clerk of Courts has deliberately held him past his lawful maximum sentence that expired May 8, 2011"). Therefore, because Hinkley's efforts to invalidate his sentences (or some portion thereof) have been unsuccessful to date, his claims challenging alleged errors in the computation of his sentences are

7

not yet cognizable under § 1983. *See, e.g.*, *Glenn v. Pa. Bd. of Prob. & Parole*, 410 F. App'x 424, 425-26 (3d Cir. 2011) (holding § 1983 claim alleging plaintiff was being imprisoned beyond the expiration of his sentence "would necessarily imply that the Parole Board ha[d] incorrectly determined his release date or ha[d] failed to timely release him" and was therefore barred by *Heck* because plaintiff's sentence had not been invalidated); *McKinney v. Pa. Bd. of Prob. & Parole*, 405 F. App'x 646, 647-48 (3d Cir. 2010) (holding § 1983 claim alleging due process and other constitutional violations based on defendants' incorrect calculation of plaintiff's maximum sentence, resulting in his imprisonment beyond the maximum terms of his state court sentences, was barred by *Heck*); *Royal v. Durison*, 254 F. App'x 163, 165-66 (3d Cir. 2007) (holding *Heck* barred § 1983 damages claims challenging plaintiff's incarceration in excess of the maximum sentence and defendants' failure to properly investigate plaintiff's allegations his time served had been improperly calculated); *Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003) ("A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies."). Hinkley's denial of time credit claims will therefore be dismissed without prejudice to Hinkley's right to refile the claims in the event he obtains relief from his sentence on his pending federal habeas petition or in state court. *See German v. Baker*, 124 F. App'x 257, 258 (5th Cir. 2005) (holding district court did not err in denying plaintiff's request to stay his *Heck*-barred § 1983 claims pending a decision in his federal habeas proceeding); *Clayton-El v. Fisher*, 96 F.3d 236, 244 n.4 (7th Cir. 1996) (following *Heck*, "dismissal and not a stay

would be the proper disposition for a § 1983 claim that was brought prematurely").[8]

Hinkley also asserts claims against Frederick and Sheffer concerning their alleged roles with respect to his unlawful reincarceration following his arrest in 2003. Hinkley contends his incarceration for probation and parole violations in Case Nos. 2967/1990 and 1689/1992 was unlawful because the sentences in those cases should have continued to run following his erroneous release from custody in January 1993 and thus should have expired years before he was rearrested in 2003. He alleges Frederick and Sheffer violated his substantive due process rights by (1) "bringing a [v]oid, false arrest warrant to task on a case that had previously closed" at the November 2003 probation revocation hearing; (2) "[s]tanding deliberately indifferent when these FACTS were brought to their attention by my attorney"[9]; (3) "[s]tanding deliberately indifferent when Northampton [County] followed the law [on May 6, 2005]," presumably by terminating Hinkley's sentence in Case No. 1228/1992; and (4) altering his criminal history in his presentence investigation report by "whit[ing] out" certain "1992 events," including any reference to his Northampton County conviction, before forwarding the report to the Department of Corrections prior to his commitment to state prison in 2005. Am. Compl. ¶¶ 4, 10. Although the Amended Complaint does not request any specific relief for these alleged constitutional violations, Hinkley appears to seek both damages

---

[8] Hinkley relies on *Harper v. Jeffries*, 808 F.2d 281 (3d Cir. 1986), to suggest this Court should stay any claims sounding in habeas corpus in deference to his pending federal habeas petition, Am. Compl. Part I ¶ 4; however, *Harper* was decided before the Supreme Court held in *Heck* that a § 1983 claim that would necessarily imply the invalidity of a prisoner's conviction or sentence is not cognizable until the underlying conviction or sentence has been invalidated.

[9] Although the Amended Complaint does not specify when Hinkley's attorney made Frederick and Sheffer aware of the facts regarding the "[v]oid, false arrest warrant" and/or the erroneous denial of time credit, such communications appear to have occurred sometime in 2004, as Hinkley refers to a 2004 document as evidencing these communications. Am. Compl. Part II ¶ 10; Pet. for Writ of Habeas Corpus, Addendum II (ECF No. 17-1 at 6).

and declaratory relief against Frederick and Sheffer, *see* Pl.'s Reply in Resp. to Def.'s Mot. to Dismiss 8 (requesting a declaration his civil rights have been violated under the Fifth and Fourteenth Amendments); Pl.'s Pet. for Leave to Amend (seeking the "same damages" for wrongful incarceration against the Probation Department, Frederick, and Sheffer as against the Clerk of Courts, Naugle, and Remer).

Hinkley's substantive due process claims challenge actions and inactions by Frederick and Sheffer that either resulted in his unlawful reincarceration after his sentences in Case Nos. 2967/1990 and 1689/1992 had expired, or prolonged such unlawful reincarceration by preventing him from receiving credit for time he erroneously spent at liberty following his January 1993 release from custody toward those sentences. Because a judgment in Hinkley's favor on these claims would necessarily imply the invalidity of his probation and/or parole revocation and his continued confinement, these claims are also barred by *Heck* and will be dismissed without prejudice to refiling in the event Hinkley obtains federal habeas (or equivalent state court) relief. *See Royal*, 254 F. App'x at 165-66 (holding § 1983 claim alleging defendants violated plaintiff's due process rights by failing to properly investigate his allegation his time served had been improperly calculated was barred by *Heck*); *Williams v. Consovoy*, 453 F.3d 173, 176-77 (3d Cir. 2006) (holding § 1983 claim alleging parole board members failed to conduct an adequate investigation and caused plaintiff to be falsely incarcerated would necessarily demonstrate the invalidity of the parole revocation decision and was therefore barred by *Heck*); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding § 1983 claim alleging probation officer testified falsely at plaintiff's revocation hearing was barred by *Heck*).

To the extent Hinkley's substantive due process claims are not barred by *Heck*, this Court

agrees with Defendants that the claims are nevertheless untimely. Claims pursuant to § 1983 are subject to the applicable state statute of limitations for personal injury actions, which, in Pennsylvania is two years. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citing 42 Pa. Cons. Stat. Ann. § 5524). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Id.*

As noted, the above claims are based on actions and inactions by Frederick and Sheffer in 2005 and earlier, more than five years before Hinkley filed this action in February 2011. Hinkley does not suggest he was unaware Frederick and Sheffer had presented the allegedly void arrest warrant in 2003, or that they failed to correct the situation when his attorney brought the relevant facts to their attention in 2004 or when Northampton County "followed the law" and terminated his sentence in Case No. 1228/1992 in 2005. In fact, under Hinkley's own theory, the illegality of his reincarceration—the injury he suffered as a result of Frederick's and Sheffer's actions—would have become apparent to him no later than May 2005, when his sentence was terminated in the Northampton County case, allegedly in recognition that the sentence had continued to run and expired following his erroneous release from custody in January 1993.[10] As to Hinkley's claim that Frederick and Sheffer altered his presentence investigation report, the exhibits to the Amended Complaint reflect that Hinkley began inquiring about the apparent omission of his Northampton County conviction from his criminal records in April 2008, more than two years before he filed this action. Pet. for Writ of Habeas Corpus, Addendum II, Ex. 3 (ECF No. 17-1 at 7). Because it is clear from the Amended Complaint that Hinkley's substantive due process claims accrued no later than

---

[10] Indeed, Hinkley appears to have raised the illegality of his reincarceration in a PCRA petition filed in February 2007. *See* Pl.'s Reply in Resp. to Defs.' Mot. to Dismiss ¶ 8.A. & Exs. I-III. (The exhibits to Hinkley's reply to Defendants' motion to dismiss are docketed at ECF Nos. 19 and 20.)

2005 (or, possibly, 2008 for his claim regarding the alteration of his presentence report), and because Hinkley has not established a basis for tolling the two-year statute of limitations, these claims are subject to dismissal as time-barred to the extent they are not barred by *Heck*.[11] *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (recognizing a district court may dismiss a complaint as barred by the statute of limitations "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading").[12]

Finally, Hinkley alleges Naugle and Remer have violated his First Amendment right of access to the courts by refusing to file his January 22, 2011, state Petition for Writ of Habeas Corpus and Request for Bail. Hinkley alleges Naugle initially time-stamped his petition, but then crossed out the time-stamp and returned the petition to him, requesting his case numbers. Am. Compl. Part I ¶ 26. Although Hinkley complied and returned the petition to Naugle on February 1, 2011, Naugle "refuse[d]" to file the petition for the court's review. *Id.* The dockets in Hinkley's Lehigh County cases support Hinkley's assertion that Naugle did not file his state habeas petition when Hinkley returned it to her, as none of the dockets reflects the filing of a habeas petition in February 2011. However, these dockets also show the habeas petition Hinkley resubmitted on February 1, 2011, was

---

[11] Hinkley argues Defendants' statute of limitations defense is meritless under *Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004), but that case, a federal habeas action in which the Third Circuit held the exhaustion requirement for federal habeas relief was excused based on inordinate delays in the petitioner's post-conviction collateral proceedings in state court, did not address the statute of limitations for § 1983 claims.

[12] Although Hinkley sues the Probation Department in addition to Frederick and Sheffer, his allegations concern only the two Probation Officers. In any event, Hinkley's claims against the Probation Department must be dismissed for the same reasons as his claims against Frederick and Sheffer.

eventually filed in all three cases on December 14, 2011, and was subsequently denied by order of February 10, 2012. 2967/1990 Docket at 30-31 (reflecting filing of a "Pro Se Motion for Writ of Habeas Corpus, Request for Bail of 2/11/2011" on December 14, 2011, and entry of an order denying the petition on February 10, 2012); 1689/1992 Docket at 23-24 (same); 1209/2004 Docket at 31-32 (same).

"While inmates have the right to adequate, effective and meaningful access to the courts, . . . in order to state a claim for denial of the right of access to the courts, a plaintiff must show actual injury." *Spuck v. Ridge*, 347 F. App'x 727, 730 (3d Cir. 2009) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977), and *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)). In other words, the plaintiff must demonstrate "he lost the ability to present an 'arguably actionable' claim." *Id.* (quoting *Lewis*, 518 U.S. at 351-52). Even assuming Naugle's delay in filing Hinkley's habeas petition is actionable,[13] because the petition was ultimately denied by the state court, Hinkley cannot show he was actually injured as a result of the delay. Accordingly, his First Amendment claim will be dismissed with prejudice. *See Spuck*, 347 F. App'x at 730 (affirming dismissal of denial of access to courts claim based on Clerk of Courts' failure to file a habeas petition where petition raised an issue "that had been previously raised and rejected on the merits in [plaintiff's] prior habeas proceeding").

For the reasons set forth above, Defendants' motion to dismiss Hinkley's Amended

---

[13] Based on this Court's review of the file in Hinkley's federal habeas case, Civil No. 11-909, it appears Naugle's office accepted Hinkley's resubmitted state habeas petition for filing on February 7, 2011, and then forwarded the petition to this Court, believing it to be directed to this Court. *See Hinkley v. Lehigh Cnty.*, No. 11-909 Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (E.D. Pa.) (ECF No. 5) (attaching state habeas petition file-stamped February 7, 2011, by the Lehigh County Clerk of Courts).

Complaint will be granted. Hinkley's Fifth, Eighth, and Fourteenth Amendment claims will be dismissed without prejudice to Hinkley's right to reassert those claims in the event he obtains federal habeas relief or equivalent relief in state court. Hinkley's First Amendment claim will be dismissed with prejudice. An appropriate order follows.

BY THE COURT:


　　/s/ Juan R. Sánchez　　
Juan R. Sánchez, J.